Timothy **PIGFORD**, et al., Plaintiffs,

v.

Ann M. **VENEMAN**, Secretary, United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann M. Veneman, Secretary, United States Department of Agriculture, Defendant.

Nos. CIV.A. 97–1978(PLF), CIV.A. 98–1693(PLF).

United States District Court, District of Columbia.

April 6, 2001.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, New York City, for Timothy C. Pigford, McArthur Nesbit, Eddie Slaughter, Leo Jackson, J.B. Black, Lucious Abrams, Jr., Griffin Tood, Sr., Gregory Erves, Cecil Brewington, Herbert L. Skinner, Jr., Obie L. Beal, Clifford Lovett.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, John Michael Clifford,

Mona Lyons, Clifford, Lyons & Garde, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, New York City, for Lloyd Shafer.

Caroline Lewis Wolverton, U.S. Dept. of Justice, Washington, DC, Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, New York City, for George Hall.

Jacob A. Stein, Stein, Mitchell & Mezines, Washington, DC, Marcus B. Jimison, NCCU School of Law, Durham, NC, Stephon J. Bowens, Durham, NC, for Leonard Cooper.

Phillip L. Fraas, Tuttle, Taylor & Heron, Washington, DC, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, Washington, DC, for Abraham Carpenter.

Stephen J. Bowens, Durham, NC, for Houston Blakeney, Reatha Blakeney, Leroy Robinson, Bobbi Newton, Pearlie Paterson, Naomi Knockett, Ilenthe Porter, James Davis.

Daniel Edward Bensing, U.S. Attorney's Office, Washington, DC, Terry M. Henry, Susan Hall Lenon, Amanda Quester, Michael Sitcov, U.S. Dept. of Justice, Civil Div. Washington, DC, David Monro Souders, Weiner Brodsky Sidman & Kider, PC, Washington, DC, for Dan Glickman.

Terry M. Henry, Michael Sitcov, Dept. of Justice, Civil Div. Washington, DC, for Ann M. Veneman.

Wyndell Oliver Banks, Washington, DC, for Banks Law Firm.

Randi Ilyse Roth, St. Paul, MN, pro se.

Evans M. Folins, Los Valoros, CA, pro se.

Dennis Charles Sweet, Lanston, Frazer, Sweet & Freese, Jackson, MS, for Sarah Davis.

Ford C. Ladd, Alexandria, VA, for James Tanner.

Gerard Robert Lear, Arlington, VA, for Antonio Santos, Clinton R. Martin.

## ORDER

PAUL L. FRIEDMAN, District Judge.

On July 14, 2000, the Court entered a Stipulation and Order agreed upon by the parties that set a deadline of November 13, 2000, for submitting all Petitions for Monitor Review relating to claimants who received a Track A or Track B decision on or before July 14, 2000. *See* Stipulation and Order of July 14, 2000, at 4. When it became clear that the November 13 deadline would not be met with respect to petitions for roughly 4,000 claimants, Class Counsel requested an enlargement of time. Instead of extending the deadline, the Court created a method of handling the petitions that required all Petitions for Monitor Review to be filed by November 13, but which allowed counsel to submit materials in support of those petitions over the following six months. *See* Order of Nov. 8, 2000. The Court directed counsel to submit a Register of Petitions listing all eligible claimants by November 13, 2000, and then to file supporting materials and/or notices of withdrawals with respect to at least 400 claimants on a monthly basis. *See id.* at 4–5. The Court required the first batch of materials and withdrawals to be filed by December 15, 2000, to be followed by new batches on the 15th of every subsequent month through May 15, 2001—the final day on which the Monitor would accept supporting materials and/or withdrawals from counsel. *See id.* at 5.

In light of Class Counsel's past difficulty in submitting timely Petitions for Monitor Review, the Court asked the Monitor to file regular reports with the Court summarizing counsel's progress in meeting the

monthly 400 claimant minimum requirement. *See* Order of Nov. 8, 2000, at 6. A review of the four monthly Monitor reports filed to this point reveal a very disturbing trend. Despite the explicit assurances of Class Counsel that they would be able to submit supporting materials or withdrawals with respect to at least 400 claimants monthly, they have failed to meet the minimum requirement even once. By December 15, Class Counsel was able to file materials or withdrawals with respect to 399 claimants; by January 15, counsel was able to submit only 315 more; on February 15, only 282 were submitted; and on March 15, a mere 180. This means that in the two months between March 15 and May 15, 2001, Class Counsel will have to process roughly 3000 Petitions for Monitor Review—or approximately three times what counsel has been able to accomplish in the last four months.

These daunting numbers, when coupled with recent reports that Class Counsel has drastically cut its staff, bring Class Counsel's ability to adequately represent the petitioners into serious question. An April 6, 2001, letter from Rose Sanders of the Chestnut, Sanders law firm to Arbitrator Michael Lewis only heightens the Court's concerns over the adequacy of Class Counsel's representation of their clients and the effectiveness of counsel. Class Counsel offered repeated assurances that if they were given an extension of time to file complete Petitions for Monitor Review, the Court would see dramatically improved performance from Class Counsel, ensuring that the petitioners would not suffer because of their counsel's past mistakes. What the past four months have proven, however, is the exact opposite. Accordingly, it is hereby

ORDERED that a status conference is scheduled for April 19, 2001, at 2:00 p.m.; it is

FURTHER ORDERED that government counsel, Class Counsel, and their respective fee counsel all shall appear at the status conference. Class Counsel shall be prepared to inform the Court of the following:

(1) What plan counsel has adopted to complete the remaining Petitions for Monitor Review by May 15, 2001;

(2) What firm resources are being devoted to meeting the deadline;

(3) What consideration has been given to using pro-bono counsel to assist Class Counsel in meeting the deadline; and

(4) What quality-control procedures have been instituted to ensure that counsel not only submit materials with respect to the correct number of claimants, but that each claimant's interests are fully, fairly and adequately represented; and it is

FURTHER ORDERED that the April 15, 2001, deadline is postponed until April 30, 2001. The ultimate May 15, 2001, deadline, however, remains in effect.

SO ORDERED.